PEDRO PORTALATÍN VÉLEZ, Plaintiff and Appellee, v. FRANCISCO ALERS, ET AL., Defendants and Appellants.

No. 9864. Argued March 1, 1949.—Decided March 30, 1949.

Luis Antonio Rosario for appellants. Esteban Susoni Lens for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

While an automobile belonging to Francisco Alers and driven by his son Guillermo was parked, without lights, on Highway No. 2 on a rainy night, it was struck on the rear by an automobile belonging to Pedro Portalatín Vélez. The latter sued the driver and the owner of the parked car. The owner of the parked car filed a counterclaim. The district court granted the complaint and dismissed the counterclaim. The defendant appealed.

In its findings of facts and conclusions of law, the lower court states that it appears from the evidence as a whole that Guillermo Alers was negligent in parking a vehicle on the highway under the circumstances hereinbefore stated. On the other hand, it also finds that there was contributory negligence on the part of the plaintiff in traveling along a highway of considerable traffic at an excessive speed on a dark and rainy night. And it adds: "if he had traveled at a moderate speed, possibly he would have had the opportunity to swerve his Oldsmobile on coming close to the Packard parked on the right-hand side, without lights, *even when the proximate cause was the unexpected obstruction in its path.*" (Italics ours.) It holds, however, that the proximate cause of the accident was not plaintiff's negligence and despite his contributory negligence, it granted the complaint.

It seems clear that plaintiff, considering that the night was dark and rainy, assumed a great risk in traveling at an excessive speed, inasmuch as the lights of his automobile would not have enabled him to discover in time any obstruction in his path. This being so, we do not agree with the lower court in its conclusion that notwithstanding plaintiff was negligent, his negligence was not the proximate cause of the accident. He could have foreseen that if he met an obstacle in his way, he would have been unable to see it in time to avoid it, due to his speed, the rain and the darkness. Likewise, the defendant could have also foreseen that by leaving his automobile on the highway, under the condi-

tions he did, he was running the risk of not being seen by the driver of another vehicle, and hence of causing him damages or suffering the damages himself in case of a collision. Plaintiff's negligence combined with that of defendants, was the proximate cause of the accident. Bohlen & Harper Torts, § 132. As stated on page 258, § 111 of the textbook just cited, copied with approval in *Colón* v. *Shell Co.*, 55 P.R.R. 575, 598:

"The first and best known test for proximate or legal cause is the test of foreseeability. Where the particular harm sustained was reasonably foreseeable at the time of the defendant's misconduct, his act or omission is the legal cause thereof. This rule is enunciated in many cases.

Foreseeability, it will be recalled, is the fundamental basis of the law of negligence. To be negligent, a defendant must have acted or failed to act in such a way that an ordinary reasonable man would have realized that certain interests of certain persons were unreasonably subjected to a general but definite class of risks. . . . Accordingly, the generalization may be formulated that all particular consequences, that is, consequences which occur in a manner which was reasonably foreseeable by the defendant at the time of his misconduct, are legally caused by such breach of duty."

The rule set forth in Restatement, Torts, Vol. II, § 474, Commentary (*b*), page 1248, cited with approval in the dissenting opinion of Mr. Justice Snyder in *Paniagua* v. *Puerto Rico Transportation Authority*, ante, pp. 121, 125, is in point. It is said therein:

"A condition unlawfully created in the highway which makes the travel thereon unreasonably dangerous is a public nuisance since it endangers the exercise of the public privilege of travel thereon. Nevertheless, the plaintiff must not only exercise reasonable care to avoid dangers which are obvious or of which he has knowledge, but he must be alert to discover the actual condition of the roadway. . . . Therefore, if the plaintiff would have observed the dangerous condition in time to avoid it, had he been paying that attention, which, in view of the normal risks of travel, a traveler should have paid, his con-

tributory negligence in failing to exercise such reasonable vigilance is a bar to his recovery. (Authorities.)" [1]

In view of the surrounding circumstances, we are of the opinion that the court erred in granting the complaint in the present case but did not err in dismissing the counter-claim. The judgment should be reversed insofar as it granted the complaint.

---

[1] The majority opinion in the aforesaid case was based on that the facts proved did not warrant the application of the rule invoked in the opinion of Mr. Justice Snyder.